CULPEPPER, Judge.
The plaintiff, Firemen’s Insurance Company, carried collision insurance on an automobile owned and driven by James C. Bor-delon, which was involved in an intersec-tional collision with a vehicle driven by Julian Shuman. Firemen’s paid to Borde-lon the amounts due under its policy and took a subrogation against the parties who caused the accident. Named as a party defendant is G & M Construction Company, whose 18 wheel tractor-trailer unit is alleged to have been parked at the intersection in such a way as to obscure a stop sign, in violation of a State statute. The district judge found the truck obscured the stop sign and that this was a legal cause of the accident. From an adverse judgment, G & M Construction Company and its liability insurer, Zurich Insurance Company, appealed.
The issues are: (1) Was the truck parked in such a manner as to “obscure or obstruct” the stop sign, in violation of the statute? (2) If the truck was illegally parked, was this a legal cause of the accident?
*209 The collision occurred at the intersection of North Fourth Street, which runs north and south, with Vine Street, which runs east and west, in the City of Eunice. Vine Street has the right of way, and there are stop signs for both north bound and south bound traffic on North Fourth Street. On the day in question, G & M Construction Company’s large 18 wheel tractor-trailer was parked on North Fourth Street at the curb about eight feet south of the stop sign on the southeast corner of the intersection. Mr. Shuman was driving in a northerly direction on North Fourth Street. He testified he was not very familiar with the intersection, and that he could not see the stop sign at Vine Street because it was obscured by the large parked truck. He had been going about 25 miles per hour, but he slowed down to about 16 miles per hour and entered the intersection. In about the northeast quadrant of the intersection, the front of Mr. Shuman’s vehicle struck the left front of the Bordelon automobile, which was traveling in a westerly direction on Vine Street.
The trial judge stated in written reasons: “I conclude that the parking of the truck-trailer so obstructed the stop sign as to constitute a violation of R.S. 32:143 prohibiting parking which obstructs traffic-control devices, and that such obstruction was a substantial causative factor in the collision.”
We find the evidence fully supports these factual conclusions of the trial judge. There is no question that the truck was parked eight to ten feet south of the stop sign in such a manner as to obscure or obstruct the visibility of the stop sign by a motorist approaching from the south on North Fourth Street. Shuman testified that because of the truck he could not and did not see the stop sign. He proceeded into the intersection where he struck the vehicle of plaintiff’s insured.
The defendants argue that since the truck was parked eight to ten feet south of the stop sign, it did not obscure visibility of the sign. The trial judge held to the contrary and we agree. Photographs filed in evidence show clearly that the truck did obscure visibility by a motorist approaching from the south on North Fourth Street, even though the truck was eight to ten feet from the sign.
Defendants also argue that the truck was pulling a flatbed trailer which was empty, and that a motorist could see the sign over the trailer. The trial judge held to the contrary, and photographs filed in evidence support a finding that visibility was at least obscured, if not completely obstructed.
Finally, defendants argue that even if the truck was illegally parked, this was not a legal cause of the accident. They say first that Shuman was familiar with the intersection and knew the stop sign was there. Shuman admitted that his father-in-law lived in Eunice about six blocks from the intersection in question. Nevertheless, Shuman testified he was not very familiar with the intersection and that the parked truck caused him to fail to see the stop sign. Defendants also argue Shuman had time, after passing the truck, to see the Bordelon vehicle and stop. Shuman denied this. The testimony by Mr. Shuman is sufficient to support the finding of fact by the trial judge as to causation.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.
WATSON, J., dissents and assigns written reasons.